UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SEAN DAVID MORTON,
VAJRA PRODUCTIONS, LLC,
27 INVESTMENTS, LLC, and
MAGIC EIGHT BALL DISTRIBUTING, INC.

    Defendants,

MELISSA MORTON, and
PROPHECY RESEARCH INSTITUTE,

    Relief Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 1 1 2013
```

10 Civ. 1720 (KBF-MHD)

## ~~PROPOSED~~ FINAL JUDGMENT BY DEFAULT AND AGAINST DEFENDANT SEAN DAVID MORTON

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action on March 4, 2010, by filing its Complaint ("Complaint") for injunctive, other equitable relief, disgorgement and civil monetary penalties, charging, defendants Sean David Morton ("Morton"), Vajra Productions, LLC, 27 Investments, LLC, and Magic Eight Ball Distributing, Inc. (together, "Defendants") with violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c) and 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, and 17 C.F.R. § 240.10b-5 promulgated thereunder, and for disgorgement of all investor funds unlawfully diverted to relief defendants Melissa Morton and Prophecy Research Institute (together, "Relief

Defendants") (the Defendants and Relief Defendants are referred to herein as "All Defendants"); and following the issuance and timely service of a summons and complaint upon Morton; and the Court Order denying Morton's various motions to dismiss and motion for summary judgment and granting the Commission's motion for a determination that Morton was properly served; and the default of Morton for failure to answer, move, or otherwise respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and this Court; and the Commission having filed a Notice of Motion, pursuant to Fed. R. Civ. P. 55(b) for a final judgment by default against All Defendants, and the Declaration of Bennett Ellenbogen in Support for the Commission's Motion for Default Judgment, dated September 22, 2011, and the Affidavit of Elzbieta Wraga in Support for the Commission's Motion for Default Judgment, dated September 22, 2011; and the Clerk, having entered the Certificate of Default as to All Defendants, including Morton, entered on August 8, 2011; and the Court having found that it has jurisdiction over Morton and over the subject matter of this action and the jurisdiction to grant the relief requested by the Commission, and good cause appearing for the entry of this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Morton and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that Morton, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, [15 U.S.C. §78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Morton and Morton's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Morton is liable for disgorgement of $5,181,135.82, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,171,110.54 and a civil penalty in the amount of $ 5,181,135.82 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Morton shall satisfy this obligation by paying $ 11,533,382.18 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Morton may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Morton may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Morton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Morton shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Morton relinquishes all legal and equitable right, title, and interest in such funds and no part of

the funds shall be returned to Morton. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Morton shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Fed. R. Civ. P. 65(d), this Judgment is binding upon Morton, and his officers, agents, servants, employees, and attorneys-in-fact, and upon those persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms and conditions of this Judgment.

Dated: New York, New York
       2/11, 2013

_____K. B. Forrest_____
The Honorable FORREST
United States District Judge