UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED FEB 1 1 2013

SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

           v.

SEAN DAVID MORTON,
VAJRA PRODUCTIONS, LLC,
27 INVESTMENTS, LLC, and
MAGIC EIGHT BALL DISTRIBUTING, INC.

                 Defendants,

MELISSA MORTON, and
PROPHECY RESEARCH INSTITUTE,

                 Relief Defendants.

10 Civ. 1720 (KBF-MHD)

## ~~PROPOSED~~ FINAL JUDGMENT BY DEFAULT AND AGAINST DEFENDANT VAJRA PRODUCTIONS, LLC

Plaintiff Securities and Exchange Commission ("Commission"), having

commenced this action on March 4, 2010, by filing its Complaint ("Complaint") for

injunctive, other equitable relief, disgorgement and civil monetary penalties, charging,

defendants Sean David Morton, Vajra Productions, LLC ("Vajra"), 27 Investments, LLC,

and Magic Eight Ball Distributing, Inc. (together, "Defendants") with violations of

Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.

§§ 77e(a) and 77e(c) and 77q(a), Section 10(b) of the Securities Exchange Act of 1934

("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, and 17 C.F.R. § 240.10b-5

promulgated thereunder, and for disgorgement of all investor funds unlawfully diverted

to relief defendants Melissa Morton and Prophecy Research Institute (together, "Relief

Defendants") (the Defendants and Relief Defendants are referred to herein as "All

Defendants"); and following the issuance and timely service of a summons and complaint

upon Vajra; and granting the Commission's motion for a determination that All

Defendants were properly served; and the default of Vajra for failure to answer, move, or

otherwise respond to the Complaint within the time provided by the Federal Rules of

Civil Procedure and this Court; and the Commission having filed a Notice of Vajra,

pursuant to Fed. R. Civ. P. 55(b) for a final judgment by default against All Defendants,

and the Declaration of Bennett Ellenbogen in Support for the Commission's Motion for

Default Judgment, dated September 22, 2011, and the Affidavit of Elzbieta Wraga in

Support for the Commission's Motion for Default Judgment, dated September 22, 2011;

and the Clerk, having entered the Certificate of Default as to All Defendants, including

Vajra, entered on August 8, 2011; and the Court having found that it has jurisdiction over

Vajra and over the subject matter of this action and the jurisdiction to grant the relief

requested by the Commission, and good cause appearing for the entry of this Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Vajra and its

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15

U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of material fact or

any omission to state a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that Vajra,

its agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Exchange Act, [15 U.S.C. §78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R.

§240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of

any facility of any national securities exchange, in connection with the purchase or sale of any

security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

3

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Vajra

and Vajra's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act

[15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Vajra is liable for

disgorgement of $5,181,135.82, representing profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon in the amount of $1,171,110.54 and a

civil penalty in the amount of $_5,181,135.82_ pursuant to Section 20(d) of the Securities Act

[15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Vajra

shall satisfy this obligation by paying $_11,533,382.18_ to the Securities and Exchange

Commission within 14 days after entry of this Final Judgment.

Vajra may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Vajra may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Vajra as a defendant in this action; and specifying that payment is made pursuant to

this Final Judgment.

Vajra shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Vajra relinquishes all legal and equitable right, title, and interest in such funds and no part of the

funds shall be returned to Vajra. The Commission shall send the funds paid pursuant to this

Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment. Vajra shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Fed.

R. Civ. P. 65(d), this Judgment is binding upon Vajra, and its officers, agents, servants,

employees, and attorneys-in-fact, and upon those persons in active concert or participation with

them who receive actual notice of this judgment by personal service or otherwise.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall

retain jurisdiction of this matter for purposes of enforcing the terms and conditions of this

Judgment.


Dated: New York, New York

_2/ 11_, 2013

_K___ B. Forrest_
The Honorable _FORREST_
United States District Judge