UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    v.

SEAN DAVID MORTON,
VAJRA PRODUCTIONS, LLC,
27 INVESTMENTS, LLC, and
MAGIC EIGHT BALL DISTRIBUTING, INC.

                Defendants,

MELISSA MORTON, and
PROPHECY RESEARCH INSTITUTE,

                Relief Defendants.

---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 1 1 2013
```

10 Civ. 1720 (KBF-MHD)

## ~~PROPOSED~~ FINAL JUDGMENT BY DEFAULT AND AGAINST RELIEF DEFENDANT PROPHECY RESEARCH INSTITUTE

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action on March 4, 2010, by filing its Complaint ("Complaint") for injunctive, other equitable relief, disgorgement and civil monetary penalties, charging, defendants Sean David Morton, Vajra Productions, LLC, 27 Investments, LLC, and Magic Eight Ball Distributing, Inc. (together, "Defendants") with violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c) and 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, and 17 C.F.R. § 240.10b-5 promulgated thereunder, and for disgorgement of all investor funds unlawfully diverted to relief defendants Melissa Morton and Prophecy Research Institute ("PRI") (together, "Relief

Defendants") (the Defendants and Relief Defendants are referred to herein as "All Defendants"); and following the issuance and timely service of a summons and complaint upon PRI; and the Court Order granting the Commission's motion for a determination that PRI was properly served; and the default of PRI for failure to answer, move, or otherwise respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and this Court; and the Commission having filed a Notice of Motion, pursuant to Fed. R. Civ. P. 55(b) for a final judgment by default against All Defendants, and the Declaration of Bennett Ellenbogen in Support for the Commission's Motion for Default Judgment, dated September 22, 2011, and the Affidavit of Elzbieta Wraga in Support for the Commission's Motion for Default Judgment, dated September 22, 2011; and the Clerk, having entered the Certificate of Default as to All Defendants, including PRI, entered on August 8, 2011; and the Court having found that it has jurisdiction over PRI and over the subject matter of this action and the jurisdiction to grant the relief requested by the Commission, and good cause appearing for the entry of this Judgment:

I.

**IT IS ORDERED, ADJUDGED, AND DECREED** that PRI is liable for disgorgement of $468,281, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $105,847.23. PRI shall satisfy this obligation by paying $574,128.23 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

PRI may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

2

PRI may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; PRI as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

PRI shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, PRI relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to PRI. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

If disgorgement is ordered: The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. PRI shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Fed. R. Civ. P. 65(d), this Judgment is binding upon PRI, and its officers, agents, servants, employees, and attorneys-in-fact, and upon those persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise.

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms and conditions of this Judgment.

Dated: New York, New York
       2/11, 2013

_____
The Honorable FORREST
United States District Judge