USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 23 2013

John A. Varley #262584
Financial Law Associates, APC
1011 Camino Del Rio South #330
San Diego CA 92108
Telephone: (619) 463-1800
Fax: (619) 463-1881

Attorney for Debtors

10cv1720 (KBF)

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: Sean David Morton and Melissa Ann Thomson, Debtors. | Case No: 2:13-BK-26725-BB<br>Chapter 7<br>Adv. No.: 2:13-ap-01927-BB<br>**DEBTOR'S ANSWER TO COMPLAINT** |
| United States Trustee For The Central District of California, Region 16 Plaintiff, v. Sean David Morton and Melissa Ann Thomson aka Melissa Morton, Defendants | Date: November 12, 2013<br>Time: 2:00 PM<br>Courtroom: Courtroom 1475 |

NOW COMES Sean David Morton and Melissa Ann Thomson, ("Debtors") by and through their attorney of record John A. Varley, for their answer to United States Trustee's ("Plaintiff") adversary complaint state as follows:

1. Answering Paragraph One of the Complaint, Debtors state the allegations contained therein are jurisdictional allegations which present legal conclusions and questions of law to be determined

solely by the Court, to which no answer is required. Answering further, Debtors state they do not dispute that the Court has jurisdiction over this matter.

2. Answering Paragraph Two of the Complaint, Debtors state the allegations contained therein are jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. Answering further, Debtors state they do not dispute whether venue is proper in this matter.
3. Answering Paragraph Three of the complaint, Debtors state the allegations contained therein presents legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.
4. Answering Paragraph Four of the Complaint, Debtors admit that the United States Trustee is the Plaintiff in this action.
5. Answering Paragraph Five of the Complaint, Debtors admit that their address at the time of filing was 2207 Hermosa Ave, Hermosa Beach, CA 90254. Debtor is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations. Debtors are currently homeless, residing temporarily with friends in Hermosa Beach, California.
6. Answering Paragraph Six of the Complaint, Debtors state the allegations contained therein are allegations as to standing which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.
7. Debtor has no response or objection to Paragraph Seven.
8. Answering Paragraph Eight under General Allegations, Debtors admit that there have been continuations to their 341(a) Meeting of Creditors. Debtors deny the remainder of allegations contained herein. Answering further, it is the Debtors understanding that the Meeting of Creditors has been concluded. At the last hearing, on September 27, 2013 at 11:00AM, the Debtors were both in attendance with counsel and told there was to be no examination that day as the hearing was concluded. The US Trustee filed their complaint on September 11, 2013 so it is understandable that the Plaintiff would be unaware that the Meeting of Creditors would be concluded at the time that the Debtors response was served.
9. Answering Paragraph Nine under General Allegations, Debtors admit that the deadline for filing a complaint was September 23, 2013.
10. Answering Paragraph Ten under General Allegations, Debtors admit that they are and have been represented by John A. Varley during the main bankruptcy case.
11. Answering Paragraph Eleven under General Allegations, Debtors admit the allegations contained therein in part in that the U.S. District Court for the Southern District of New York (SDNY)

entered default judgments against the Debtors in the amounts specified in the complaint. Debtors deny the allegations that the Debtor bills himself as "America's Prophet," as this was a moniker bestowed upon him by radio talk show host Art Bell.

12. Answering Paragraph Twelve under General Allegations, Debtors admit the allegations contained therein.

13. Answering Paragraph Thirteen under General Allegations, Debtors deny the allegations contained therein. No paperwork was ever filed, nor did the Debtors seek any privileges or benefits from the government that the filing of a 501(c)(3) would have bestowed. Plaintiff alleges that such an entity exists presently and the Debtor denies this allegation. Further, Plaintiff has presented no evidence in their complaint for this or any of the other allegations.

14. Answering Paragraph Fourteen under General Allegations, Debtors admit the allegations contained therein.

15. Answering Paragraph Fifteen under General Allegations, Debtors admit that they did not disclose the SEC Judgment in the Statement of Financial Affairs but Debtors deny the allegation that they failed to list the SEC Judgment in their schedules. (See Exhibit 1 – which is an attached Schedule F and Amended Schedule F which is a conformed copy of the schedule per the court CM/ECF system, an self authenticating business record). The judgment had stated that jurisdiction for enforcing the judgment was to remain with the court. Accordingly, the Debtors were confused in thinking that by listing the court in Schedule F that they had listed the creditor. Debtor is amending schedule F to include the SEC as a separate and distinct creditor. (see Exhibit 2 – copy of the Judgment by the U.S. District Court for the Southern District of New York (SDNY).

16. Answering Paragraph Sixteen under General Allegations, Debtors admit that within six years immediately preceding the Petition Date the debtors individually, held interest in Heaven & Earth, LLC and PRI-Prophecy Research Institute Trust. Answering further, Debtors state that PRI-Prophecy Research Institute trust ceased operations in the Fall of 2008 and had no assets either then nor at the time of the filing of the bankruptcy case.

Heaven & Earth LLC has no assets or income and was used only to collect rent from tenants and manage a single rental property from which Debtors were evicted on September 5, 2013. Heaven & Earth LLC filed for bankruptcy in August 2013 as an effort to receive bankruptcy stay relief from the landlord so as enable negotiation of a settlement for continued occupation of the property.

Debtors deny all other allegations stated therein. Vajra Production LLC, 27 Investments LLC, and Magic Eightball Distribution, Inc. ceased operations in 2006. Neither debtor has ever owned a dog walking business. The owner of a dog walking business entitled Melissa Mutt Hut was owned by a woman names Melisa Clarkson who was Melissa Morton's former employer. (See Exhibit 3 – website www.gotmutt.com which is operated by Melissa Clarkson. Plaintiff Delphi Investment Group never existed as a company, an LLC or as any other entity. Therefore there was no need for the Debtors to disclose an entity which never exited on its schedules.

17. Answering Paragraph Seventeen under General Allegations, Debtors admit the allegations contained herein. Answering further, Debtors failure to list Heaven & Earth LLC and PRI-Prophecy Research Institute Trust was an oversight. Debtor believed PRI was inactive for over 6 years when it had only been approximately 5 years.

18. Answering Paragraph Eighteen under General Allegations, Debtors admit the allegations contained herein. Answering further, Debtors have since amended the Statement of Financial Affairs to include the two entities that were active within the past six years (Each have no market value). See Exhibit 4.

19. Answering Paragraph Nineteen under General Allegations, Debtors admit the allegations contained herein. These entities had zero value so the Debtors thought it was not an asset.

20. Answering Paragraph Twenty under general allegations, Debtors deny all the allegations contained herein. Debtors did not refuse to testify but did seek advice of counsel before answering. If the Plaintiff's position is that Debtors may not seek advice of counsel during questioning or it will be construed as a refusal to testify, Debtors object on grounds of violation of Attorney-Client Privilege and Right of Counsel.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

(The Complaint Fails to State A Claim Upon Which Relief Can Be Granted)

As a first affirmative defense, Defendants allege the Complaint fails to state a claim upon which relief can be granted. The untrue and incomplete facts in the Complaint do not give rise to claims against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Plaintiff Has Insufficient Evidence to Establish Its Case)

As a second affirmative defense, Defendant alleges Plaintiff does not have sufficient evidence to establish the required elements of the causes of actions in the Complaint. Plaintiff

will be unable to meet its burden of proof. There were no intentional misrepresentations, and there was no reliance by Plaintiff.

THIRD AFFIRMATIVE DEFENSE

(There Was No Intent To Defraud)

As a third affirmative defense, Defendants allege they had no intent to commit fraud.

FOURTH AFFIRMATIVE DEFENSE

(Miscellaneous Defenses and Claims)

As a fourth affirmative defense and response, Defendants allege the following:

1. The entities that were not listed on Schedule B or Statement of Financial Affairs had no value and there was no intentional misrepresentation by the Debtors to defraud creditors or the court. Debtors did not act to conceal assets of value that would prejudice creditors.
2. The liabilities listed on Schedule F include the SEC judgments that the US Trustee contends were knowingly and fraudulently omitted from the schedules. The Debtors listed the debts as the Court in New York on Schedule F. Debtors believed that the judgment was satisfied by a bond so they listed the claim value as unknown.
3. Wherefore, the Debtors pray that judgment be rendered in favor of the Debtors, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

Dated: October 15, 2013

/s/ John A. Varley
Attorney for Debtors

Sean Morton, Debtor

Melissa Thomson, Joint Debtor

John A. Varley #262584
Financial Law Associates APC
1011 Camino Del Rio South #330
San Diego CA 92108
Telephone: (619) 463-1800
Fax: (619) 463-1881

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Sean David Morton and<br>Melissa Ann Thomson<br>Debtors.<br><br>United States Trustee For The Central District of California, Region 16<br>Plaintiff,<br>v.<br>Sean David Morton and Melissa Ann Thomson aka Melissa Morton,<br>Defendants | Case No: **2:13-BK-26725-BB**<br>Chapter 7<br>Adv. No.: 2:13-ap-01927-BB<br>**DECLARATION OF DEBTOR SEAN DAVID MORTON**<br><br>Date: November 12, 2013<br>Time: 2:00 PM<br>Courtroom: Courtroom 1475 |

I, Sean David Morton, the Debtor in the above -captioned main bankruptcy case and a defendant in the above-captioned adversary proceeding, declare as follows:

1. The joint debtor, Melissa Morton and I are currently homeless and staying with friends in Hermosa Beach California.
2. At our last 341(a) Meeting of Creditor's held on September 27, 2013 at 11:00AM, Melissa Morton and I were informed that there was no examination to be held that day because our meeting was concluded.
3. I do not bill myself as "America's Prophet". This was a moniker bestowed upon me by radio talk show host Art Bell.

4. I do not have a nonprofit religious organization, nor have I sought any privileges or benefits provided by the Government for a 501(c)(3).

5. The Joint Debtor and I listed the SEC Judgment in our Schedule F but not in our Statement of Financial Affairs. The Joint Debtor and did not realize that the SEC should have been listed as a separate and distinct creditor and have since amended our Schedule F. See Exhibit 1 (attached and incorporated by reference) a true and correct copy of the filed and the amended Schedule F with CM/ECF time stamp indicating the date and time Schedule F was filed.

6. The Joint Debtor and I believed that the SEC judgments to not be enforceable outside of New York. See Exhibit 2 (Attached and incorporated by reference) a true and correct copy of the Judgments by the U.S. District Court for the Southern District of New York.

7. Neither the Joint Debtor nor I have ever had interest in Delphi Investment Group aka Delphi Associates Investment Group. I have no knowledge as to whether such an entity even exists.

8. Vajra Productions, LLC, 27 Investments LLC, and Magic Eightball Distribution, Inc. all ceased operations in the year 2006.

9. Neither the Joint Debtor nor I have ever had a sole proprietorship in a business called Melissa's Mutt Hut. Melissa Mutt Hutt is owned by a woman named Melissa Clarkson, who was the joint debtor's former employer. Their website is www.gotmutt.com. See Exhibit 3 (attached and incorporated by reference) the "contact" page of the Melissa's Mutt Hutt website.

10. The failure of joint debtor and I to list Heaven & Earth LLC and PRI-Prophecy Research Institute Trust in our schedule B was an oversight. I believed PRI was inactive for 6 years when it had been only approximately 5 years. The Joint Debtor and I have since amended our Statement of Financial Affairs and Schedule B to include the two entities which have been active within the past six years. Both entities have no market value. See Exhibit 4 (Attached and incorporated by reference) a true and correct copy of the Amended Schedule and Statement.

11. The Joint Debtor and I did not refuse to testify but did seek advice of counsel before answering.

12. Neither the Joint Debtor nor I acted to intentionally conceal assets as we both assumed assets were items with market value.

13. Neither the Joint Debtor nor I acted to defraud creditors or the Bankruptcy Court.

Dated: October 15, 2013

/s/ John A. Varley
Attorney for Debtors

Sean Morton

Melissa Thomson

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | | |
|---|---|---|---|
| Filer's Name: | John A. Varley | Atty Name (if applicable): | John A. Varley |
| Street Address: | 1011 Camino Del Rio South #330 San Diego, CA 92108 | CA Bar No. (if applicable): | 262584 |
| Filer's Telephone No.: | 619-463-1800 | Atty Fax No. (if applicable): | 619-463-1881 |

In re:
Sean David Morton
Melissa Ann Thomson

Case No. 2:13-bk-26725
Chapter 7

**AMENDED SCHEDULE(S) AND/OR STATEMENT(S)**

A filing fee of $30.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added? Yes ☒ No ☐

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

A ☐ B ☐ C ☐ D ☐ E ☐ F ☒ G ☐ H ☐ I ☐ J ☐

Statement of Social Security Number(s) ☐ Statement of Financial Affairs ☐

Statement of Intention ☐ Other ☐

NOTE: IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We, **Sean David Morton and Melissa Ann Thomson**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: **October 15, 2013**

**/s/ Sean David Morton**
**Sean David Morton**
*Debtor Signature*

**/s/ Melissa Ann Thomson**
**Melissa Ann Thomson**
*Co-Debtor Signature*

****FOR COURT USE ONLY****

*****SEE REVERSE SIDE*****

**PROOF OF SERVICE**

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED: **October 15, 2013**

**John A. Varley**
Print or Type Name

**/s/ John A. Varley**
*Signature*

(SEE ATTACHED MAILING LIST.)

B6F (Official Form 6F) (12/07)

In re Sean David Morton / Melissa Ann Thomson, Debtor(s) — Case No. 2:13-bk-26725

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding unsecured claims without priority against the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns).

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C (Husband, Wife, Joint, or Community) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. D2685539N1<br>Ability Recovery Servi<br>Po Box 4031<br>Wyoming, PA 18644 | | W | Opened 5/22/12<br>Collection Penn Foster | | | | 878.00 |
| ACCOUNT NO.<br>American Express<br>c/o Biler & Cox<br>16130 Ventura Blvd<br>Encino, CA 91436 | | C | 1995<br>Charge account | | | | 31,311.90 |
| ACCOUNT NO. 7710<br>Bank Of America<br>Po Box 982235<br>El Paso, TX 79998 | | H | Opened 5/25/07 Last Active 4/02/10<br>Credit Card | | | | 4,241.00 |

Sheet 1 of 7 total sheets in Schedule of Creditors Holding Unsecured Nonpriority Claims





B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton / Melissa Ann Thomson, Debtor(s) — Case No. 2:13-bk-26725

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C (Husband, Wife, Joint, or Community) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4868951260158289<br>Barclays Bank Delaware<br>125 S West St<br>Wilmington, DE 19801 | | W | Opened 5/13/09 Last Active 12/08/10<br>Credit Card | | | | 7,284.00 |
| ACCOUNT NO.<br>CA DMV<br>PO Box 942869<br>Sacremento, CA 94269 | | C | 2009<br>Registration penalties (on repossessed vehicle) | | | | 1,177.00 |
| ACCOUNT NO. 529115767402<br>Cap One<br>Po Box 85520<br>Richmond, VA 23285 | | W | Opened 5/18/01 Last Active 11/03/10<br>Credit Card | | | | 1,189.00 |
| ACCOUNT NO. 17939119<br>Cavalry Portfolio Serv<br>500 Summit Lake Dr<br>Valhalla, NY 10595 | | H | Opened 8/28/12<br>Collection Citibank | | | | 471.00 |
| ACCOUNT NO. 14610677<br>Cavalry Portfolio Serv<br>500 Summit Lake Dr<br>Valhalla, NY 10595 | | H | Opened 4/22/11<br>Collection Hsbc Bank Nevada Orchard Bank | | | | 1,120.00 |

Sheet 2 of 7 total sheets in Schedule of Creditors Holding Unsecured Nonpriority Claims

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson — Debtor(s) — Case No. 2:13-bk-26725

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 426684109011<br>Chase<br>Po Box 15298<br>Wilmington, DE 19850 | | H | Opened 2/21/06 Last Active 7/12/10<br>Credit Card | | | | 7,951.00 |
| ACCOUNT NO. 426690203442<br>Chase<br>Po Box 15298<br>Wilmington, DE 19850 | | W | Opened 8/08/09 Last Active 7/12/10<br>Credit Card | | | | 7,376.00 |
| ACCOUNT NO. 455951500093<br>Chase<br>Po Box 15298<br>Wilmington, DE 19850 | | W | Opened 9/05/01 Last Active 7/12/10<br>Credit Card | | | | 4,912.00 |
| ACCOUNT NO. 540168301961<br>Chase<br>Po Box 15298<br>Wilmington, DE 19850 | | H | Opened 3/23/06 Last Active 7/12/10<br>Credit Card | | | | 3,331.00 |
| ACCOUNT NO. 5175894<br>Collection Consultants<br>5100 San Fernando Rd Ste<br>Glendale, CA 91201 | | C | Opened 5/20/10<br>Collection Little Com Of Mary-Torrance | | | | 817.00 |

Sheet 3 of 7 total sheets in Schedule of Creditors Holding Unsecured Nonpriority Claims

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy



B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson — Debtor(s) — Case No. 2:13-bk-26725

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Larry Fordiani<br>c/o Dennis P. Block & Assoc<br>5437 Laurel Canyon Blvd 2nd Fl<br>Valley Village, CA 91607 | | C | 2013<br>Past due rent | | | | 12,270.00 |
| ACCOUNT NO. 1017577555<br>Mb Fin Svcs<br>36455 Corporate Dr<br>Farmington Hills, MI 48331 | | W | Opened 5/09/09 Last Active 11/11/10<br>Automobile | | | | 14,116.35 |
| ACCOUNT NO. 5178052548241005<br>Portfolio Recvry&Affil<br>120 Corporate Blvd Ste 1<br>Norfolk, VA 23502 | | H | Opened 10/23/12<br>Factoring Company Account Capital One Bank Usa N.A. | | | | 1,232.00 |
| ACCOUNT NO. 7061592000902954<br>Portfolio Recvry&Affil<br>120 Corporate Blvd Ste 1<br>Norfolk, VA 23502 | | W | Opened 2/29/12<br>Factoring Company Account Ge Capital Retail Bank | | | | 884.00 |
| ACCOUNT NO.<br>Quest Diagnostics<br>American Medical Collection<br>4 Westchester Plaza Ste 110<br>Elmsford, NY 10523 | | C | Unknown<br>Claim | | | | 1,700.00 |

Sheet 4 of 7 total sheets in Schedule of Creditors Holding Unsecured Nonpriority Claims

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson — Debtor(s) — Case No. 2:13-bk-26725

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 8977193<br>Rc Willey Home Furn<br>2301 S 300 W<br>Salt Lake City, UT 84115 | | C | Opened 12/30/91 Last Active 6/08/98<br>Charge Account | | | | 3,265.00 |
| ACCOUNT NO.<br>Redondo Beach Municipal<br>FIA Card Services<br>117 W Torrance Blvd<br>Redondo Beach, CA 90277 | | C | 2010<br>Charge account | | | | 4,241.00 |
| ACCOUNT NO.<br>RMS Recovery Mgmt<br>The Art Institute of Pittsburg<br>4200 Centera Dr Ste 211<br>Warrenville, IL 60555 | | C | Unknown<br>Claim | | | | 2,625.78 |
| ACCOUNT NO. 10-CV-1720 (SDNY)<br>ADDED<br>Securities and Exchange Commission<br>100 F. Street, NE<br>Washington, DC 20549 | | C | February 11, 2013<br>Default judgment was for approximately $11 Million but Debtors believe this was satisfied by a bond | | | X | UNKNOWN |
| ACCOUNT NO. 662904606<br>Shell/Citi<br>Po Box 6497<br>Sioux Falls, SD 57117 | | H | Opened 2/22/05 Last Active 8/10/10<br>Credit Card | | | | 416.00 |

Sheet 5 of 7 total sheets in Schedule of Creditors Holding Unsecured Nonpriority Claims

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson — Debtor(s) — Case No. 2:13-bk-26725

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Spectrum Athletic Clubs<br>S H Recovery & Assoc<br>20832 Roscoe Blvd Ste 220A<br>Winnetka, CA 91306 | | C | Unknown<br>Claim | | | | 518.57 |
| ACCOUNT NO.<br>Synter Resource Group LLC<br>PO Box 63247<br>North Charleston, SC 29419-3247 | | C | Unknown<br>Claim | | | | 62.39 |
| ACCOUNT NO.<br>The Home Depot/CBSD<br>United Recovery Systems<br>5800 North Course Drive<br>Houston, TX 77072 | | C | 2005<br>Charge account | | | | 703.56 |
| ACCOUNT NO.<br>Turbo Tax<br>2510 Commerce Way<br>Vista, CA 92081 | | C | 2012<br>Claim | | | | 74.99 |
| ACCOUNT NO.<br>United States District Court<br>Southern District of NY<br>500 Pearl St<br>New York, NY 10007 | | C | Unknown<br>Claim | | | | 0.00 |
| ACCOUNT NO.<br>United States District Court<br>Eastern District of Washington<br>920 West Riverside Avenue<br>Indio, CA 92201 | | C | Unknown<br>Claim | | | | 0.00 |

Sheet 6 of 7 total sheets in Schedule of Creditors Holding Unsecured Nonpriority Claims

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson

Debtor(s)

Case No. 2:13-bk-26725

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 087798581<br>Us Dept Of Ed/Glelsl<br>Po Box 7860<br>Madison, WI 53707 | | W | Opened 10/03/11<br>Educational | | | | 7,776.00 |
| ACCOUNT NO.<br>US District Court of Vermont<br>11 Elmwood Ave Room 506<br>Burlington, VT 05401 | | C | Unknown<br>Claim | | | | 0.00 |
| | | | Total (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | 11,655,326.54 |

Sheet 7 of 7 total sheets in Schedule of Creditors Holding Unsecured Nonpriority Claims

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re Sean David Morton, Melissa Ann Thomson

Debtors

Case No. ____________

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. D2685539N1<br>Ability Recovery Servl<br>Po Box 4031<br>Wyoming, PA 18644 | | W | Opened 5/22/12<br>Collection Penn Foster | | | | 878.00 |
| Account No.<br>American Express<br>c/o Biler & Cox<br>16130 Ventura Blvd<br>Encino, CA 91436 | | C | 1995<br>Charge account | | | | 31,311.90 |
| Account No. 7710<br>Bank Of America<br>Po Box 982235<br>El Paso, TX 79998 | | H | Opened 5/25/07 Last Active 4/02/10<br>Credit Card | | | | 4,241.00 |
| Account No. 4868951260158289<br>Barclays Bank Delaware<br>125 S West St<br>Wilmington, DE 19801 | | W | Opened 5/13/09 Last Active 12/08/10<br>Credit Card | | | | 7,284.00 |
| | | | Subtotal (Total of this page) | | | | 43,714.90 |

6 continuation sheets attached

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

S/N:35561-130531 Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Sean David Morton, Melissa Ann Thomson**, Debtors — Case No. ____________

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**CA DMV<br>PO Box 942869<br>Sacramento, CA 94269** | | C | **2009<br>Registration penalties (on repossessed vehicle)** | | | | **1,177.00** |
| Account No. **529115767402**<br>**Cap One<br>Po Box 85520<br>Richmond, VA 23285** | | W | **Opened 5/18/01 Last Active 11/03/10<br>Credit Card** | | | | **1,189.00** |
| Account No. **14610677**<br>**Cavalry Portfolio Serv<br>500 Summit Lake Dr<br>Valhalla, NY 10595** | | H | **Opened 4/22/11<br>Collection Hsbc Bank Nevada Orchard Bank** | | | | **1,120.00** |
| Account No. **17939119**<br>**Cavalry Portfolio Serv<br>500 Summit Lake Dr<br>Valhalla, NY 10595** | | H | **Opened 8/28/12<br>Collection Citibank** | | | | **471.00** |
| Account No. **426684109011**<br>**Chase<br>Po Box 15298<br>Wilmington, DE 19850** | | H | **Opened 2/21/06 Last Active 7/12/10<br>Credit Card** | | | | **7,951.00** |
| Sheet no. 1 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | Subtotal (Total of this page) | | | | **11,908.00** |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Sean David Morton, Melissa Ann Thomson**, Debtors — Case No. ____________

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **426690203442**<br>**Chase<br>Po Box 15298<br>Wilmington, DE 19850** | | W | **Opened 8/08/09 Last Active 7/12/10<br>Credit Card** | | | | **7,376.00** |
| Account No. **455951500093**<br>**Chase<br>Po Box 15298<br>Wilmington, DE 19850** | | W | **Opened 9/05/01 Last Active 7/12/10<br>Credit Card** | | | | **4,912.00** |
| Account No. **540168301961**<br>**Chase<br>Po Box 15298<br>Wilmington, DE 19850** | | H | **Opened 3/23/06 Last Active 7/12/10<br>Credit Card** | | | | **3,331.00** |
| Account No. **5175894**<br>**Collection Consultants<br>6100 San Fernando Rd Ste<br>Glendale, CA 91201** | | C | **Opened 5/20/10<br>Collection Little Com Of Mary-Torrance** | | | | **817.00** |
| Account No.<br>**Larry Fordiani<br>c/o Dennis P. Block & Assoc<br>5437 Laurel Canyon Blvd 2nd Fl<br>Valley Village, CA 91607** | | C | **2013<br>Past due rent** | | | | **12,270.00** |
| Sheet no. 2 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | Subtotal (Total of this page) | | | | **28,706.00** |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson, Debtors Case No. ______

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 1017577555<br>Mb Fin Svcs<br>36455 Corporate Dr<br>Farmington Hills, MI 48331 | | W | Opened 5/09/09 Last Active 11/11/10<br>Automobile | | | | 14,116.36 |
| Account No. 5178052548241005<br>Portfolio Recvry&Affil<br>120 Corporate Blvd Ste 1<br>Norfolk, VA 23502 | | H | Opened 10/23/12<br>Factoring Company Account Capital One Bank Usa N.A. | | | | 1,232.00 |
| Account No. 7061592000902954<br>Portfolio Recvry&Affil<br>120 Corporate Blvd Ste 1<br>Norfolk, VA 23502 | | W | Opened 2/29/12<br>Factoring Company Account Ge Capital Retail Bank | | | | 884.00 |
| Account No.<br>Quest Diagnostics<br>Americam Medical Collection<br>4 Westchester Plaza Ste 110<br>Elmsford, NY 10523 | | C | Unknown<br>Claim | | | | 1,700.00 |
| Account No. 8977193<br>Rc Willey Home Furn<br>2301 S 300 W<br>Salt Lake City, UT 84115 | | C | Opened 12/30/91 Last Active 6/08/98<br>Charge Account | | | | 3,265.00 |
| Sheet no. 3 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | Subtotal (Total of this page) | | | | 21,197.36 |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson, Debtors Case No. ______

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Redondo Beach Municipal<br>FIA Card Services<br>117 W Torrance Blvd<br>Redondo Beach, CA 90277 | | C | 2010<br>Charge account | | | | 4,241.00 |
| Account No.<br>RMB Recovery Mgmt<br>The Art Institute of Pittsburg<br>4200 Cantera Dr Ste 211<br>Warrenville, IL 60555 | | C | Unknown<br>Claim | | | | 2,625.78 |
| Account No. 662904606<br>Shell/Citi<br>Po Box 6497<br>Sioux Falls, SD 57117 | | H | Opened 2/22/05 Last Active 8/10/10<br>Credit Card | | | | 416.00 |
| Account No.<br>Spectrum Atholetic Clubs<br>S H Recovery & Assoc<br>20832 Roscoe Blvd Ste 220A<br>Winnetka, CA 91306 | | C | Unknown<br>Claim | | | | 518.57 |
| Account No.<br>Synter Resource Group LLC<br>PO Box 63247<br>North Charleston, SC 29419-3247 | | C | Unknown<br>Claim | | | | 62.39 |
| Sheet no. 4 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | Subtotal (Total of this page) | | | | 7,863.74 |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

Main Document Page 27 of 60

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson — Debtors — Case No. ______

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br> The Home Depot/CBSD <br> United Recovery Systems <br> 5800 North Course Drive <br> Houston, TX 77072 | | C | 2005 <br> Charge account | | | | 703.56 |
| Account No. <br> Turbo Tax <br> 2510 Commerce Way <br> Vista, CA 92081 | | C | 2012 <br> Claim | | | | 74.99 |
| Account No. <br> United States District Court <br> Southern District of NY <br> 500 Pearl St <br> New York, NY 10007 | | C | Unknown <br> Claim | | | | Unknown |
| Account No. <br> United States District Court <br> Eastern District of Washington <br> 920 West Riverside Avenue <br> Indio, CA 92201 | | C | Unknown <br> Claim | | | | Unknown |
| Account No. 087798581 <br> Us Dept Of Ed/Glelsi <br> Po Box 7860 <br> Madison, WI 53707 | | W | Opened 10/03/11 <br> Educational | | | | 7,776.00 |

Sheet no. 5 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims — Subtotal (Total of this page): 8,554.55

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com — Best Case Bankruptcy

Main Document Page 28 of 60

B6F (Official Form 6F) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson — Debtors — Case No. ______

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br> US District Court of Vermont <br> 11 Elmwood Ave Room 506 <br> Burlington, VT 05401 | | C | Unknown <br> Claim | | | | Unknown |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. 6 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims — Subtotal (Total of this page): 0.00

Total (Report on Summary of Schedules): 121,944.54

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com — Best Case Bankruptcy

# EXHIBIT 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 7 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SEAN DAVID MORTON,
VAJRA PRODUCTIONS, LLC,
27 INVESTMENTS, LLC, and
MAGIC EIGHT BALL DISTRIBUTING, INC.

Defendants,

MELISSA MORTON, and
PROPHECY RESEARCH INSTITUTE,

Relief Defendants.

10 Civ. 1720 (~~LAK~~ KBF-MHD)

**~~PROPOSED~~ AMENDED FINAL JUDGMENT BY DEFAULT AGAINST RELIEF DEFENDANT MELISSA MORTON**

Plaintiff United States Securities and Exchange Commission ("Commission"), having commenced this action on March 4, 2010, by filing its Complaint ("Complaint") for injunctive, other equitable relief, disgorgement, and civil money penalties, charging defendants Sean David Morton ("Morton"), and Vajra Productions, LLC ("Vajra"), 27 Investments, LLC ("27 Investments"), and Magic Eight Ball Distributing, Inc. ("Magic Eight Ball") (together, the "Entity Defendants," and Morton and the Defendants, together, the "Defendants") with violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c) and 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5, and 17 C.F.R. § 240.10b-5 promulgated

thereunder, and for disgorgement of all investor funds unlawfully diverted to relief defendants Melissa Morton and Prophecy Research Institute ("PRI") (together, the "Relief Defendants") (the Defendants and Relief Defendants are referred to herein as "All Defendants"); and following the issuance and timely service of a summons and complaint upon Melissa Morton; and the Court Order denying Melissa Morton's various motions to dismiss and motion for summary judgment and granting the Commission's motion for a determination that Melissa Morton was properly served; and the default of Melissa Morton for failure to answer, move, or otherwise respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and this Court; and the Commission having filed a Notice of Motion, pursuant to Fed. R. Civ. P. 55(b) for a final judgment by default against All Defendants, and the Declaration of Bennett Ellenbogen in Support for the Commission's Motion for Default Judgment, dated September 22, 2011, and the Affidavit of Elzbieta Wraga in Support for the Commission's Motion for Default Judgment, dated September 22, 2011; and the Clerk, having entered the Certificate of Default as to All Defendants, including Melissa Morton, entered on August 8, 2011; and the Court having found that it has jurisdiction over Melissa Morton and over the subject matter and the jurisdiction to grant the relief requested by the Commission, and good cause appearing for the entry of this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Melissa Morton is jointly and severally liable, along with All Defendants, for disgorgement of $468,281, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $105,847.23, for a total of $574,128.23. Melissa

Morton shall satisfy this obligation by paying $574,128.23 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Melissa Morton may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Melissa Morton may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Melissa Morton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Melissa Morton shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Melissa Morton relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Melissa Morton. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Melissa Morton shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Fed. R. Civ. P. 65(d), this Judgment is binding upon Melissa Morton, and her officers, agents, servants, employees, and attorneys-in-fact, and upon those persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise.

III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms and conditions of this Judgment.

Dated: New York, New York
3/7, 2013

K. B. Forrest
The Honorable Katherine B. Forrest
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 07 2013

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**SEAN DAVID MORTON,**
**VAJRA PRODUCTIONS, LLC,**
**27 INVESTMENTS, LLC, and**
**MAGIC EIGHT BALL DISTRIBUTING, INC.**

**Defendants,**

**MELISSA MORTON, and**
**PROPHECY RESEARCH INSTITUTE,**

**Relief Defendants.**

**10 Civ. 1720 (~~LAK~~ KBF-MHD)**

**~~PROPOSED~~ AMENDED FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT SEAN DAVID MORTON**

Plaintiff United States Securities and Exchange Commission ("Commission"), having commenced this action on March 4, 2010, by filing its Complaint ("Complaint") for injunctive, other equitable relief, disgorgement, and civil money penalties, charging defendants Sean David Morton ("Morton"), and Vajra Productions, LLC ("Vajra"), 27 Investments, LLC ("27 Investments"), and Magic Eight Ball Distributing, Inc. ("Magic Eight Ball") (together, the "Entity Defendants," and Morton and the Defendants, together, the "Defendants") with violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c) and 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5, and 17 C.F.R. § 240.10b-5 promulgated

thereunder, and for disgorgement of all investor funds unlawfully diverted to relief defendants Melissa Morton and Prophecy Research Institute ("PRI") (together, the "Relief Defendants") (the Defendants and Relief Defendants are referred to herein as "All Defendants"); and following the issuance and timely service of a summons and complaint upon Morton; and the Court Order denying Morton's various motions to dismiss and motion for summary judgment and granting the Commission's motion for a determination that Morton was properly served; and the default of Morton for failure to answer, move, or otherwise respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and this Court; and the Commission having filed a Notice of Motion, pursuant to Fed. R. Civ. P. 55(b) for a final judgment by default against All Defendants, and the Declaration of Bennett Ellenbogen in Support for the Commission's Motion for Default Judgment, dated September 22, 2011, and the Affidavit of Elzbieta Wraga in Support for the Commission's Motion for Default Judgment, dated September 22, 2011; and the Clerk, having entered the Certificate of Default as to All Defendants, including Morton, entered on August 8, 2011; and the Court having found that it has jurisdiction to grant the relief requested by the Commission, and good cause appearing for the entry of this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Morton and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Morton and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Morton and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act[15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Morton is jointly and severally liable, along with each and every of the Entity Defendants, for disgorgement of $5,181,135.82, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,171,110.54, for a total of $6,352,246.36 (the "Disgorgement"). Also, the Defendants and Relief Defendants are each jointly and severally liable for disgorgement of $468,281, representing that portion of the ill-gotten gains that were unlawfully diverted to the Relief Defendants by the Defendants, as alleged in the Complaint, together with prejudgment interest thereon in the amount of $105,847.23, for a total of $574,128.23 (this subset of the full Disgorgement obligation is referred to herein as the "Subset"). This is a Subset of Morton's and the Entity Defendants' Disgorgement obligation, described above, of $6,352,246.36. Any payments made by any of the Defendants or Relief Defendants to satisfy the Disgorgement obligation and/or the Subset of the Disgorgement obligation shall be applied to satisfy the joint obligation of the Subset of the Disgorgement obligation.

In addition, Morton shall pay a civil penalty in the amount of $5,181,135.82, pursuant to Section 20(d) of the Securities Act[15 U.S.C. § 77t(d)], and Section 21 (d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Morton shall satisfy the Disgorgement and penalty obligations by paying $11,533,382.18 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Morton may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/aboutloffices/ofm.htm. Morton may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Morton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Morton shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Morton relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Morton. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Morton shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Fed. R. Civ. P. 65(d), this Judgment is binding upon Morton, and his officers, agents, servants, employees, and attorneys-in-fact, and upon those persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise.

VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms and conditions of this Judgment.

Dated: New York, New York
3/7, 2013

K. B. Forrest
The Honorable Katherine B. Forrest
United States District Judge



getmutt.com/contact-us/
mutt hutt & cat shack
CONTACT US
Melissa's Mutt Hut & Cat Shack
REGISTER
REVIEWS
SERVICES
PRESS

EXHIBIT 3

# EXHIBIT 4

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | | |
|---|---|---|---|
| Filer's Name: | John A. Varley | Atty Name (if applicable): | John A. Varley |
| Street Address: | 1011 Camino Del Rio South #330 San Diego, CA 92108 | CA Bar No. (if applicable): | 262584 |
| Filer's Telephone No.: | 619-463-1800 | Atty Fax No. (if applicable): | 619-463-1881 |

In re:
Sean David Morton
Melissa Ann Thomson

Case No. 2:13-bk-26725
Chapter 7

**AMENDED SCHEDULE(S) AND/OR STATEMENT(S)**

A filing fee of $30.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added? Yes ☐ No ☒

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

A ☐ B ☒ C ☐ D ☐ E ☐ F ☐ G ☐ H ☐ I ☐ J ☐

Statement of Social Security Number(s) ☐ Statement of Financial Affairs ☒

Statement of Intention ☐ Other ☐

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We, **Sean David Morton and Melissa Ann Thomson**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: **October 15, 2013**

**/s/ Sean David Morton**
**Sean David Morton**
*Debtor Signature*

**/s/ Melissa Ann Thomson**
**Melissa Ann Thomson**
*Co-Debtor Signature*

**FOR COURT USE ONLY**

***SEE REVERSE SIDE***

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED: October 15, 2013

John A. Varley
Print or Type Name

/s/ John A. Varley
*Signature*

(SEE ATTACHED MAILING LIST.)

B6B (Official Form 6B) (12/07)

In re Sean David Morton
Melissa Ann Thomson
Debtor(s)

Case No. 2:13-bk-26725

## AMENDED SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, With Out Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash, less than | - | $5,000.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Debtors do not have a bank account. | - | $0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous household furnishings, electronics, etc. No individual item is worth $600.00 or more. | - | $1,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Personal clothing. | - | $500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Debtor has a collection of comic books. | C | $1,000.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B 6B (Official Form 6B) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson, Debtor — Case No. 2:13-bk-26725 (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest In Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| ADDED 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Heaven & Earth LLC (No market value to these shares) | C | $0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Joint debtor filed 2012 taxes and did not receive a refund - it was taken by the IRS for back taxes owed. Debtor has not had a tax filing requirement since 2008. Debtors are owed refunds for previous tax year filings. The entire amount owed to the debtors is over four million dollars. | - | $4,500,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

In re Sean David Morton, Melissa Ann Thomson, Debtor — Case No. 2:13-bk-26725 (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest In Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Larry Fordiani owes the debtors for property improvements done by Pezzuto Const. | - | $24,484.00 |
| | | Zinalda Koff-Gabay owes the debtors for a contract related to paperwork. | C | $20,273.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | Debtor is the author of 3 published books, Black Seraph, The Dark Prophet and Sands of Time self pubished in 2005, 2009, and 2011. Revenue generated in 2012 was less than $5,000. 2013 revenues have fallen substantially from 2012. Estimated cash flow of $2,000 per year. Net PV estimmated at | C | $5,000.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Ford Escape Average condition 106,000 miles To be retained. Unencumbered. | - | $5,070.00 |
| | | 1975 Fiat Spyder Rough condition 250,000 miles To be retained. Unencumbered. | - | $3,995.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

In re Sean David Morton
Melissa Ann Thomson
Debtor

Case No. 2:13-bk-26725
(If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total > | $4,566,322.00 |

(Report also on Summary of Schedules)

B7 (Official Form 7) (04/13)

## United States Bankruptcy Court
### Central District of California

In re Sean David Morton
Melissa Ann Thomson
Debtor(s)

Case No. 2:13-bk-26725
Chapter 7

## AMENDED STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $5,000.00 | 2012: Wife Self-employed |
| $2,698.75 | 2011: Wife Self-employed |

**2. Income other than from employment or operation of business**

None ☒ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT SOURCE

B7 (Official Form 7) (04/13)
2

**3. Payments to creditors**

None ☒ *Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☒ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☒ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ ADDED a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Larry Fordiani v Sean David Morton; Melissa Morton** | **Civil** | **Superior Court of California, County of Los Angeles<br>Long Beach Courthouse<br>415 West Ocean Blvd<br>Long Beach, CA 90802** | **Pending** |
| **SEC vs. Morton 10-CIV-1720** | **Civil** | **United States District Court<br>Southern District of NY<br>500 Pearl St.<br>New York, NY 10007** | **Default Judgment** |
| **Christopher Bass v. Sean Morton and Melissa Thomson CV-08-253-EFS** | **Civil** | **US District Court<br>Eastern District of Washington<br>920 West Riverside Ave<br>Spokane WA 99201** | **Judgment for Plaintiff, Settled with a bond** |
| **Tim Saunders vs. Sean Morton and Meslissa Thomson 5:09-vc-00125** | **civil** | **US District Court of Vermont<br>11 Elmwood Ave, Room 506<br>Burlington VT 05401** | **Default Judgment for Plaintiff** |

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B7 (Official Form 7) (04/13)
3

None ☒ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☒ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☒ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☐ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **17 inch laptop computer** | **Debtor was at an expo in San Francisco when his laptop was stolen from a friend's car. The car's window was smashed in and the theft was not covered by any insurance policy.** | **April 2012** |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Financial Law Associates, APC**<br>**7373 University Avenue, Suite 113**<br>**La Mesa, CA 91942-0523** | **2013** | **Attorney's Fees: $1,300.00**<br>**Court Filing Fees: $306.00** |

**10. Other transfers**

None ☒ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒ b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☒ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ☒ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☒ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☒ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☒ If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ☒ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)
6

**18. Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

ADDED

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| PRI-Prophecy Research Institute Trust | Unknown | 2207 Hermosa Av Hermosa Beach, CA 90254 | Property Mgmt. | 1999-2008 |
| Heaven and Earth LLC | Unknown | 2207 Hermosa Ave Hermosa Beach, CA 90254 | Property mgmt. | 06/28/2007-present |

None ☒ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☒ a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS DATES SERVICES RENDERED

None ☒ b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME ADDRESS DATES SERVICES RENDERED

None ☒ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME ADDRESS

None ☒ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com 

B7 (Official Form 7) (04/13)
7

NAME AND ADDRESS DATE ISSUED

**20. Inventories**

None ☒ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY INVENTORY SUPERVISOR DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis)

None ☒ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

**21. Current Partners, Officers, Directors and Shareholders**

None ☒ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS NATURE OF INTEREST PERCENTAGE OF INTEREST

None ☒ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS TITLE NATURE AND PERCENTAGE OF STOCK OWNERSHIP

**22. Former partners, officers, directors and shareholders**

None ☒ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NAME ADDRESS DATE OF WITHDRAWAL

None ☒ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

NAME AND ADDRESS TITLE DATE OF TERMINATION

**23. Withdrawals from a partnership or distributions by a corporation**

None ☒ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR DATE AND PURPOSE OF WITHDRAWAL AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None ☒ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION TAXPAYER IDENTIFICATION NUMBER (EIN)

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com

**25. Pension Funds.**

None ☒ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date October 15, 2013 Signature /s/ Sean David Morton
Sean David Morton
Debtor

Date October 15, 2013 Signature /s/ Melissa Ann Thomson
Melissa Ann Thomson
Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy